IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTELLA KIZER, for minor JAELEE
D. KIZER,

                    Plaintiff,


          vs.                                    Case No. 04-1394-JTM


JO ANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.

_____

## MEMORANDUM AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, which

authorizes judicial review of a final agency decision.  Plaintiff raises two issues on appeal: 1) the

Administrative Law Judge (hereafter "ALJ") erred in rejecting the testimony of plaintiff's mother

as only partially credible in determining plaintiff's functional limitations because the ALJ did not

properly apply the credibility analysis factors mandated for subjective testimony under SSR 96-

7P, 20 CFR 404.1529 and Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987); and 2) the ALJ erred

in failing to assess controlling weight to the expert medical opinion of Brandon Riesenmy, M.D.,

plaintiff's treating psychiatrist, who found plaintiff suffered from "marked" limitations in five

out of six functional domains.  The commissioner responds that substantial evidence supports the

ALJ's determination. After reviewing the parties' arguments, the court finds in favor of the

commissioner and denies plaintiff's application.

## I. PROCEDURAL HISTORY

Plaintiff, Jaelee D. Kizer, was born on July 3, 1996, has a first grade education, and is a child, as defined in the Social Security Act. (Tr. 307-308).  Plaintiff's mother protectively filed her application for Supplemental Security Income on her behalf on July 1, 2002 (Tr. 87-89).  Ms. Christella Kizer alleges plaintiff became disabled beginning July 3, 2000.  She alleges that plaintiff's disability is due to her attention deficit and hyperactive disorder (hereafter "ADHD") and bipolar mood disorder.

Plaintiff's claim was denied initially and upon reconsideration, and a hearing was held before ALJ William H. Rima, III, on January 20, 2004 (Tr. 34).  On April 20, 2004, the ALJ issued a decision finding plaintiff not disabled (Tr. 31-46). The ALJ determined that plaintiff's impairment did not meet the requirements of any of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr.36-40). Specifically, the ALJ considered listings §§ 101.02, 101.03, 101.04, 3.03, 103.03, 112.04, 12.04, and 112.11 (Tr. 36-39).  The ALJ assessed plaintiff's limitations in the six broad areas of functioning called domains. The ALJ determined that plaintiff was not disabled because she did not exhibit a "marked" limitation in two broad areas of functioning or an "extreme" limitation in one such area of functioning (Tr. 40-45).  The ALJ found less marked impairment in the domains of: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving and manipulating objects; 5) caring for oneself; and 6) health and physical well being.

Plaintiff filed a timely request for a review before the Appeals Council, which was subsequently denied on December 2, 2004 (Tr. 4-6).  Plaintiff exhausted all administrative remedies.  Plaintiff filed this action on December 21, 2004.

2

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Miller v. Chater, 99 F.3d 972 (1996); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989); Kemp v. Bowen, 816 F.2d 1469, 1475 (10th Cir. 1987). Substantial evidence requires the presence of enough relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. Richardson, 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence supporting the Secretary's findings. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir.1994); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987) (citations omitted). The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to reweigh the evidence or try the issues de novo. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

In determining whether an SSI claimant under the age of 18 is disabled, a sequential evaluation process is used which is comparable to the five step sequential evaluation process used for adults. 20 C.F.R. § 416.924(a) (2005). The first step is a determination of whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b) (2005). If the child has

3

engaged in substantial gainful activity, the child is not disabled.  20 C.F.R. § 416.924(b).  If it is

established a child is not engaging in work, the process advances to the next step.  The second

step involves a determination of whether or not the child suffers from a severe medical

impairment or combination of impairments. 20 C.F.R. § 416.924(c).  If no severe impairment is

found, a finding of not disabled will apply.  20 C.F.R. § 416.924(c).  If a severe impairment is

found, then the process advances to the next step.  The third step involves a determination of

whether the child has impairment(s) that meet, medically equal, or functionally equal in severity

a listed impairment. 20 C.F.R. § 416.924(d) (2005). If so, and if the twelve month durational

requirement is otherwise met, disability is established.  If not, disability will be denied.  20

C.F.R. § 416.924(d)**.**

## III. ANALYSIS

### A. Credibility Determination of Ms. Kizer's Testimony

Plaintiff contends that the ALJ's decision fails to articulate a legally sufficient rationale

for discrediting the testimony of plaintiff's mother. (Plaintiff's brief, pp. 6-17).  Specifically,

plaintiff contends that the ALJ did not properly apply the credibility analysis factors managed by

Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987); 20 C.F.R. § 416.929 and SSR 96-7p.  The court

does not find this to be the case.

Credibility determinations are generally the province of the ALJ.  Adams v. Chater, 93

F.3d 712, 715 (10th Cir. 1996) (quoting Casias v. Secretary of Health & Human Servs., 933 F.2d

at 801). Therefore, the court typically defers to the ALJ as trier of fact on credibility.  Thompson

v. Sullivan, 987 F.2d at 1490 (citations omitted).  It is "recognize[d] that some claimants

exaggerate symptoms for purposes of obtaining government benefits, and deference to the fact-

finder's assessment of credibility is the general rule." <u>Frey v. Bowen</u>, 816 F.2d at 517.  Thus, a court "will not upset such [credibility] determinations when supported by substantial evidence." <u>Bean v. Chater</u>, 77 F.3d 1210, 1213 (10th Cir.1995) (internal quotation omitted).  Pursuant to the regulations, if a child is unable to adequately describe his symptoms, the ALJ must evaluate the testimony of the person most familiar with the child's condition. <u>See</u> 20 C.F.R. § 416.928(a) (2005).

In this case, Ms. Kizer offered direct testimony and written supplementation to her testimony as to her daughter's functional limitations. The ALJ found Ms. Kizer's testimony only partially credible because the record did not support her testimony (Tr. 39).  The court is in agreement with the ALJ.  Substantial evidence on the record supports the ALJ assigning less weight to the testimony of plaintiff's mother in determining plaintiff's functional limitations. First, the testimony of Ms. Kizer that plaintiff cites is internally inconsistent.  In the same response, Ms. Kizer said plaintiff had no friends and then stated that she had several friends (Tr. 35).  Second, Ms. Kizer's testimony contradicted the reports of plaintiff's teacher (Tr. 37).  The ALJ found that teachers reported that plaintiff had only slight problems playing cooperatively, making and keeping friends.  The teachers noted that plaintiff can make and keep friends and work in groups (Tr. 37).  Although Ms. Kizer said that plaintiff missed thirteen weeks of kindergarten and had not learned the required material, requiring her to repeat the first grade, plaintiff's teacher reported that plaintiff met all but one objective, which was not of significant concern (Tr. 38).  Plaintiff's application only listed plaintiff as missing nine weeks of kindergarten (Tr. 39).  Furthermore, plaintiff's kindergarten teacher stated that with medication, which was often not the case, plaintiff could attend the regular classroom (Tr. 38, 39).  Having

noted these inconsistencies, the ALJ could reasonably afford less weight to Ms. Kizer's testimony.

**B. Weight to Plaintiff's Treating Medical Expert**

Plaintiff argues that the ALJ erred in failing to assign controlling weight to the expert medical opinion of Brandon Riesenmy, M.D., plaintiff's treating psychiatrist, who found plaintiff suffers from "marked" limitations in five out of the six functional domains. Plaintiff further argues that the ALJ erred in assigning substantial weight to the opinion of Elizabeth Bergman-Harms, Ph.D. The court does not find this to be the case.

The opinion of a treating physician in disability cases is entitled to greater weight than those of other physicians. Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983). Substantial weight should be given to the treating physician's opinion unless there is good cause to disregard it. Tyson v. Apfel, 107 F. Supp. 2d 1267, 1269 (D. Colo. 2000) citing Goatcher v. Dep't of HHS, 52 F.3d 288, 289-90 (10th Cir. 1995). "The longer a source has treated the claimant, the more weight must be given to that source's opinion." Tyson, 107 F. Supp. 2d at 1269. If the opinions of the treating doctor are supported by the medical record as a whole, the treating doctor's opinions will be given "controlling weight." 20 C.F.R. § 404.1527(d)(2), § 416.927(d)(2). The social security regulations specifically state that the ALJ will review and evaluate any medical opinion it receives. 20 C.F.R. § 404.1527(d), § 416.927(d).

The court finds that substantial evidence supports the ALJ's assignment of weight to the treating expert. Although the ALJ acknowledged the deference given treating physicians, he noted that Dr. Reisenmy's opinion regarding plaintiff's marked functional limitation was not supported by the opinions of plaintiff's therapist, teachers, and Dr. Reisenmy's own treatment

notes documenting her improved functioning with medication.  See Hargis v. Sullivan, 945 F.2d 1482, 1489-90 (10th Cir. 1991) (noting that a treating physician's opinion may be rejected if the commissioner gives specific, legitimate reasons for doing so).  As a result, Dr. Reisenmy's assessment was not assigned controlling weight because it did not align with the medical record as a whole.

The ALJ noted considerable support for his findings. When he began evaluating plaintiff in November 2001, Dr. Reisenmy's records indicated that plaintiff talked back, was aggressive and mean to animals, was impulsive, could not sit still, had decreased concentration and attention, climbed high objects without fear, was a "clean freak" and felt that everyone was mean to her (Tr. 44, 182).  Subsequent psychiatric treatment evaluation noted plaintiff was less hyperactive and had decreased perceptions that peers were against her (Tr. 180).  Furthermore, the ALJ noted that medications were adjusted based upon reports of hyperactivity and to alleviate side effects, and plaintiff's sleep and behavior significantly improved by July 2002 (Tr. 173).  In addition, the ALJ noted that Dr. Reisenmy's records continued to document improvement in plaintiff's mood swings (Tr. 223).  Even plaintiff's own summary of the record indicates periods of improvements during the course of treatment.

Plaintiff's therapist and teacher  reports do not indicate the level of severity of limitations that Dr. Reisenmy opines.  The ALJ noted that the record reflected that plaintiff had learned to read and write well in the first grade (Tr. 45, 227).  Furthermore, her teachers reported that when she took her medication she did not exhibit more than a slight problem paying attention when spoken to, sustaining attention during play or sports, carrying out multi-step instructions, waiting to take turns, changing from one activity to another without being disruptive, organizing her

work, and completing assignments (Tr. 44-45, 120-28). The ALJ noted that plaintiff did have continued difficulties sustaining attention and concentration and finishing assignments timely, requiring a special education classroom, but that she got along well with peers and teachers (Tr. 44, 120-28). A Plan of Care report from December 2002 showed that plaintiff was learning to mind, was doing her homework, using good hygiene, and took pride in her appearance (Tr. 225-31), all of which confirmed that significant improvement (Tr. 45). Accordingly, the ALJ gave proper reasoning for his finding that Dr. Reisenmy's opinion was not entitled to controlling weight.

The ALJ made findings to support his decision to give substantial weight to the opinion of Elizabeth Bergmann-Harms, Ph.D., a state agency reviewing psychologist. "In appropriate circumstances, opinions from Stage Agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p. See also 20 C.F.R. § 404.1527(f)(2005). As the ALJ noted, Dr. Bergmann-Harms provided specific reasons for her opinion about plaintiff's functioning and such opinion was grounded in the evidence of record, including careful consideration of the objective medical evidence and reports from plaintiff's teachers, psychiatrist, therapists, and her mother (Tr. 275-80). The ALJ noted that Dr. Bergmann-Harms reviewed the file and set forth a well reasoned opinion that included a good analysis of the medical evidence and a thorough consideration of the allegations of plaintiff's mother (Tr. 45, 275-80).

In the domain of acquiring and using information, Dr. Bergmann-Harms found that plaintiff had a "less than marked" limitation, noting that testing indicated that plaintiff was of average intelligence and that her teacher thought she was more intelligent than first believed, as

8

she showed some emerging reading skills (Tr. 138, 234, 276). In the domain of attending and completing tasks, Dr. Bergmann-Harms found that plaintiff had a "less than marked" limitation, noting that although plaintiff's ADHD caused serious problems focusing and staying on task, she did pay attention when spoken to and in play activities and could carry out multi-step instructions (Tr. 276). In the domain of interacting and relating to others, Dr. Bergmann-Harms found that plaintiff had a "less than marked" limitation, noting that plaintiff got along with peers and had no serious social or behavioral problems at school. Her family reported that she was picked on and had trouble keeping friends (Tr. 276). In the domain of moving about and manipulating objects, Dr. Bergmann-Harms found that plaintiff had a "less than marked" limitation in that her obesity and history of asthma imposed a slight limitation in her activity and mobility (Tr. 278). In the domain of caring for oneself, Dr. Bergmann-Harms found that plaintiff had a "less than marked" limitation as her teachers reported that personal hygiene was a slight problem and there were reports of her wearing the same clothes for days in a row (Tr. 278). Finally, in the domain of health and physical well being, Dr. Bergmann-Harms found that plaintiff had a "less than marked" limitation, noting that she had a history of asthma, but had not had any emergency room visits in the prior 12 months, and that she had generalized obesity and persistent hypothyroidism (Tr. 278).

Accordingly, the ALJ appropriately found that plaintiff was not disabled and substantial evidence on the record as a whole supports his decision.  See Richardson v. Perales, 402 U.S. 389, 401 (1971) (substantial evidence is such relevant evidence as a reasonable person would accept as adequate to support a conclusion).  Because a reasonable person could have concluded that the ALJ properly found plaintiff's limitations "less than marked" the ALJ's decision must be

upheld. <u>See</u> <u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996) (if, after a thorough review, the court finds there to be two inconsistent positions and one of those positions represents the findings of the commissioner, then the commissioner's decision must be affirmed).

IT IS ACCORDINGLY ORDERED this 14th day of March 2006, that the court denies plaintiff's request to reverse and remand the final decision of the commissioner (Dkt. No. 14).


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE